## JOHN H. CALLAWAY v. A. J. BOBO, Sheriff.

Where a party in the capacity of Sheriff has the custody of slaves, the mere fact of his removing them from the Parish Prison, to his own place, will not make him liable for their hire.   He only becomes responsible for their forthcoming and for the value of such services as he might derive from their labor.

APPEAL from the District Court of the Parish of Morehouse, *Richardson,* J.   *D. C. Morgan,* for plaintiff.   *J. Harvey Brigham,* for defendant and appellant.

VOORHIES, J.   The plaintiff sued the defendant for the sum of five hundred dollars, for damages occasioned by the illegal detention of his slaves.   The case was

submitted to a jury, but resulted in a mistrial. On a subsequent trial there was a verdict in favor of the plaintiff for the sum of one hundred and seventy-six dollars.

The defendant appealed.

Three runaway slaves of the plaintiff,—one woman and two men,—were lodged in the Parish Jail, under charge of the defendant, who acted in the capacity of Sheriff of the parish of Morehouse.

The plaintiff claimed his property, but, being unable to remove all the slaves, paid the costs incurred for the woman and took her away. He left the men in charge of the Sheriff, with the request that they should be kept in close confinement.

Subsequently, one of the slaves being sick, was, upon the advice of a physician, removed from the jail. The Sheriff went further : he took them both upon his farm.

The plaintiff, several months afterwards, applied to the deputy sheriff, during the absence of the Sheriff, to obtain possession of his slaves. The deputy refused to deliver possession of them, unless the law charges were previously paid. After some wrangling between them, the plaintiff paid the charges, and the deputy delivered the property.

Damages are claimed for counsel fees, for the hire of the slaves, and for expenses incurred to obtain possession of the slaves.

It was in the capacity of Sheriff that the defendant had the custody of these slaves. The mere fact, however, of his removing them from the Parish Prison, did not make him liable for the value of their hire. He only became responsible for their forthcoming, and for the value of such services which he might derive from their labor. That he had, to some extent, the benefit of their services, is shown ; but the record does not show the value of these services. On the other hand no charges were preferred for keeping the negroes during that time. Had the plaintiff's instructions been followed, the slaves would have remained in jail, and, instead of yielding the revenue claimed, would have burdened their owner with additional charges. It is not conceived then in what respect he has been injured by the alleged illegal detention of his property.

The only ground upon which the plaintiff could obtain judgment against the defendant, was, that the latter had unjustly appropriated the services of the former's slaves. In this he has failed ; and with regard to the expenses incurred to obtain possession of the property, the plaintiff has no right to complain, in as much as it was delivered over to him as soon as he paid the charges. Revised Statutes, p. 61, Runaway Slaves.

It is, therefore, ordered and decreed, that the judgment of the District Court, upon the verdict of the jury, be avoided and reversed ; and that there be judgment in favor of the defendant, with costs in both courts.